IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SINN, | No. C 08-1706 MMC (PR) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| B. CURRY, Warden, BOARD OF PAROLE HEARINGS, | |
| Respondents. | |

On March 28, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

**BACKGROUND**

In 1987, in the Superior Court of Los Angeles County, petitioner was convicted of first degree murder and robbery, with an enhancement for the use of a firearm. He was sentenced to a term of twenty-five years to life in state prison. On December 26, 2005, the Board, for the third time, found petitioner unsuitable for parole. On February 20, 2008, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.     Petitioner's Claim

Petitioner claims the denial of parole violated his federal constitutional right to due process because the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence and was based solely on the immutable facts of the conviction offense. Liberally construed, petitioner's claim is cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof, upon respondents and respondents' counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
2 the Court and serving it on respondents within **thirty (30)** days of the date the answer is filed.

3  3. In lieu of an answer, respondents may file, within **ninety (90)** days of the date this
4 order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
5 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondents file
6 such a motion, petitioner shall file with the Court and serve on respondents an opposition or
7 statement of non-opposition within **thirty (30)** days of the date the motion is filed, and
8 respondents shall file with the Court and serve on petitioner a reply within **fifteen (15)** days
9 of the date any opposition is filed.

10  4. Petitioner is reminded that all communications with the Court must be served on
11 respondents by mailing a true copy of the document to respondents' counsel.

12  5. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
13 Court and respondents informed of any change of address and must comply with the Court's
14 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
15 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16  6. Upon a showing of good cause, requests for a reasonable extension of time will be
17 granted as long as they are filed on or before the deadline they seek to extend.

18  IT IS SO ORDERED.

19 DATED: September 26, 2008

20 _____
MAXINE M. CHESNEY
United States District Judge

3